UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WEEKLEY HOMES, LLC,

        Plaintiff,

v.                                                    Case No. 8:20-cv-03103-AEP

BOARD OF COUNTY COMMISSIONERS,
HILLSBOROUGH COUNTY, FLORIDA, and
THE SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA, a political subdivision of
the State of Florida,

        Defendants.

_____/

## <u>ORDER</u>

This cause is before the Court on the Board of County Commissioners of Hillsborough County, Florida ("County") and the School Board of Hillsborough County, Florida's (the "School Board") (collectively "Defendants"), Motion to Dismiss Plaintiff's Amended Complaint (Doc. 49). Plaintiff, Weekley Homes, LLC ("Weekley Homes") filed its response and Memorandum of Law in Opposition to Defendants' Motion to Dismiss (Doc. 52), and Defendants filed a reply (Doc. 55). The Court held a hearing on February 7, 2022, on Defendants' Motion. Accordingly, this matter is ripe for review.

## I.   Background

Weekley Homes is the residential home builder for the Encore at the FishHawk Ranch ("Encore") community in Hillsborough County (Doc. 45, ¶ 10). Weekley Homes began building single-family homes within Encore in 2016 and paying the applicable County impact fees (Doc. 45, ¶¶ 1, 13). Pursuant to Hillsborough County Ordinance 96-29 ( the "Ordinance"), impact fees are due and payable at the time of issuance of a certificate of occupancy for land development activity generating impacts assessed by the Ordinance (Doc. 45, ¶ 14). Among the assessed impact fees, the County may impose a School Impact Fee (Doc. 45, ¶ 15). The County provides an exemption to the School Impact Fee which states as follows:

> Communities for Older Persons. A dwelling that is located in any development designated and operated as a Community for Older Persons, in compliance with the terms and provisions of the Federal Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 and the Housing for Older Persons Act of 1995, 42 U.S.C. §§3601-3619, and that prohibit any person under the age of 18 years from residing within any dwelling on the property as a permanent resident, as evidenced by a recorded declaration of covenants and restrictions not subject to revocation or amendment for a period of at least 30 years from the date of recording. Said covenants and restrictions shall run with the land.

(Doc. 45, ¶ 18). Weekley Homes built homes at Encore subject to the Encore Declaration of Covenants and Easements ("Encore Declaration") (Doc. 45, ¶ 1). Section 3.2(a) of the Encore Declaration restricts the "Occupancy of Units" as follows:

> Encore at FishHawk Ranch is established as a senior housing community designed and intended to provide housing for persons 55

2

years of age or older, although younger persons are not restricted from occupying a Unit along with a person 55 years of age or older so long as such co-occupancy is in compliance with this Section 3.2. In addition, certain exceptions may be made pursuant to subparagraph (b)(i). The provisions of this Paragraph are intended to be consistent with, and are set forth in order to comply with, the "housing for older persons" exemption ("HOPA Exemption") from prohibitions on discrimination based on familial status under the federal Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, as it may be amended and the Florida Fair Housing Act, Fla. Stat. 760.20-760.37, as it may be amended (collectively, the "Fair Housing Acts").

(Doc. 45, ¶ 22). Additionally, in Section 3.2(b)(i), the Encore Declaration mandates that "[e]ach occupied Unit shall at all times have a permanent resident (as defined herein) at least one person who is 55 years of age or older (the "Qualified Occupant") . . .." (Doc. 45, ¶ 23). Furthermore, in Section 3.2(c), the Encore Declaration prohibits the following:

No Unit shall be occupied by any person under the age of 30, except that one person under the age of 30 may occupy a Unit with prior notice to and approval of the Board if the Board reasonably determines that such occupancy is necessary to provide reasonable accommodation for the health care needs of the person's handicapped parent or grandparent who is residing in the Unit in full compliance with this Section and would be unable to continue to reside in the Unit without such person's care. For purposes of this subsection (c), a Unit shall be deemed to be "occupied" by any person who stays overnight in the Unit more than 28 nights, consecutive or nonconsecutive, in any 12-month period.

(Doc. 45, ¶ 24).

Although Weekley Homes never applied for an exemption to the County's School Impact Fee, the Ordinance requires that a community's declaration include a thirty-year prohibition on revocation of the age-restrictive provisions for dwellings to be exempt from the School Impact Fee (Doc. 45, ¶ 63).

On November 19, 2020, Weekley Homes filed its Complaint for declaratory relief, damages, and fees (the "Complaint") in Hillsborough County, Florida, Case No. 20-CA-9126 (the "State Court Action") (Doc. 1-1). On December 30, 2020, Defendants removed the State Court Action to federal court because the Complaint sought remedies pursuant to 42 U.S.C. § 1983, et seq (Doc. 1). Subsequently, Defendants each moved to dismiss the Complaint (Docs. 15, 16). Weekley Homes then moved to convert Defendants' Motions to Dismiss to Motions for Summary Judgment as to Count II of the Complaint (i.e., the facial challenge to the constitutionality of the County's Ordinance) (Doc. 32). After a hearing on Weekley Homes' Motion, the Court entered an Order on May 5, 2021, granting Weekley Homes leave to amend Count I of the Complaint due to its failure to identify a comparator in support of its Equal Protection claim and denying Weekley Homes' Motion to Convert Defendants' Motions to Dismiss to Motions for Summary Judgment (Doc. 42). Thereafter, Weekley Homes filed its Amended Complaint asserting the following claims: (1) a claim under 42 U.S.C. § 1983 alleging that Defendants violated Weekley Homes' Equal Protection Rights (Count I); (2) a claim for declaratory judgment under Chapter 86, Florida Statutes, alleging that the County's School Impact Fee Ordinance is unconstitutional on its face, and therefore unconstitutional as applied to Weekley Homes (Count II); and (3) in the alternative to Count II, declaratory judgment under Chapter 86, Florida Statutes, alleging that the County's School Impact Fee Ordinance is unconstitutional as applied to

Weekley Homes (Count III) (Doc. 45).[1] In the Amended Complaint, Weekley Homes seeks declaratory relief, money damages, and attorney's fees pursuant to 42 U.S.C. § 1988.

## II.    Standard of Review

Defendants seek to dismiss Weekley Homes' claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and lack of jurisdiction over Counts II and III. In considering a motion to dismiss under Rule 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and accepts as true all the factual allegations contained therein. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (citation omitted). The court need not, however, "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff must provide the grounds for his or her entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

---

[1] After Weekley Homes filed its Amended Complaint, the Court dismissed Defendants' motions to dismiss as moot (Doc. 46).

Accordingly, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *See id.* at 679.

Although a district court must generally convert a motion to dismiss into a motion for summary judgment if the court considers materials outside the complaint, a court may consider documents attached to the complaint or incorporated by reference without converting the motion into a motion for summary judgment if the documents are: (1) central to the complaint, and (2) the documents' authenticity is not in dispute. *Day v. Taylor,* 400 F.3d 1272, 1275–76 (11th Cir. 2005).

### III.   Discussion

### A.   Ripeness

Ripeness, like standing, "present[s] the threshold jurisdictional question of whether a court may consider the merits of a dispute." *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006). The ripeness doctrine requires the plaintiffs to obtain a "final decision" before asserting their constitutional challenges. *See Eide v. Sarasota County,* 908 F.2d 716, 723–24 n. 12 (11th Cir. 1990) *overruled on other grounds by Knick v. Twp. of Scott, Pa.*, 139 S. Ct. 2162 (2019). "An exception to the final decision requirement exists where it would be futile for the plaintiff to pursue a final decision." *Strickland v. Alderman*, 74 F.3d 260, 265 (11th Cir. 1996).

Defendants argue that Weekley Homes has neither alleged nor can it allege that it challenged the School Impact Fee or even applied for the exemption. Additionally, according to Defendants, the Ordinance provides that an applicant

who is denied a request for an exemption *may*, within thirty days after the denial, appeal to the County. Defendants argue that Weekley Homes failed to engage the appeal process since it began paying School Impact Fees. Therefore, Defendants argue, the Amended Complaint is not ripe for review and should be dismissed.

In its Amended Complaint, Weekley Homes alleges that requesting the exemption would have been futile, and therefore its failure to do so should be excused (Doc. 45, ¶ 63). Weekley Homes alleges that before initiating this lawsuit, it sought clarification from the County, which confirmed that the age-restriction be part of "a recorded declaration of covenants and restrictions not subject to revocation or amendment for a period of at least 30 years from the date of recording. And that such covenants and restrictions shall run with the land" (Doc. 45, ¶ 63). Weekley Homes' position that it would have been futile for it to request an exemption or to appeal the denial of an exemption because the age restriction provision in the Encore Declaration does not contain a thirty-year irrevocable clause is well taken. Based on Weekley Homes' allegations regarding its interactions with the County and the language of the Ordinance, the thirty-year non-revocation clause is required for an exemption to the School Impact Fee and the Encore Declaration contains no such provision. Additionally, although Weekley Homes could have arguably sought a review or appeal with the County, Defendants have not cited to any authority stating that such an appeal was required pre-suit. Accordingly, because Weekley Homes has set forth facts sufficient to prove futility, its claims are ripe for review to the extent explained below.

### B.    Count I: Equal Protection

In Count I of the Amended Complaint, Weekley Homes asserts that although Encore is a community for older persons pursuant to federal law, the County has impermissibly charged it School Impact Fees. According to Weekley Homes, Encore is an age-restricted community because the Encore Declaration contains provisions that restrict minors from living there and prevents Weekley Homes from ever changing that without overwhelming demand from the owners. The Amended Complaint purports that Weekley should be treated as a "class of one" because it has been intentionally treated differently than similarly situated developers with no rational basis for the difference in treatment. Defendants argue that Weekley Homes fails to properly allege a "class of one" Equal Protection claim because it cannot show that it is similarly situated to a chosen comparator. Weekley Homes responds that the Amended Complaint contains the factual elements necessary to sustain a cause of action by virtue of the allegations that the County treated it differently as compared to similarly situated builders who applied and received an exemption to the School Impact Fee.

The Fourteenth Amendment to the United States Constitution provides, in pertinent part: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The Equal Protection Clause, as it is commonly referred to, "is essentially a direction that all persons similarly situated should be treated alike." *Alamo Rent-A-Car, Inc. v. Sarasota-Manatee Airport Auth.*, 825 F.2d 367, 369 (11th Cir. 1987).

Generally, the Equal Protection Clause has been applied to governmental classifications that discriminate against a suspect or quasi-suspect class or any infringement of a fundamental right. *See Engquist v. Ore. Dep't of Agric.,* 553 U.S. 591, 601 (2008). However, in *Vill. of Willowbrook v. Olech*, the Supreme Court granted a petition for certiorari to determine "whether the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." 528 U.S. 562, 564 (2000). The Court, answering in the affirmative, explained its decision as follows:

> Our cases have recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. In so doing, we have explained that "'[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'"

*Id.* (quoting *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 445 (1923)).

Although the Supreme Court observed that it had previously recognized claims like the one raised by plaintiff, the opinion was nonetheless an important development in equal protection jurisprudence because the "class of one" phrasing had never been used by the Supreme Court in the equal protection context, and the cases cited by the Supreme Court did not expressly state that equal protection claims were cognizable apart from class-based discrimination. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1201-02 (11th Cir. 2007); *see Sioux City Bridge Co.,* 260 U.S. at 445 (recognizing a plaintiff's equal protection claim where the state tax assessor

"intentionally and arbitrarily assessed the Bridge Company's property at 100 per cent. of its true value and all the other real estate and its improvements in the county at 55 per cent"); *Allegheny Pittsburgh Coal Co. v. County Commission of Webster County,* 488 U.S. 336, 344 (1989) (recognizing an equal protection claim where the plaintiff's property had "been assessed at roughly 8 to 35 times more than comparable neighboring property, and these discrepancies have continued for more than 10 years with little change").

Therefore, a "class of one" equal protection claim does not allege discrimination against a protected class or infringement of a fundamental right, but rather asserts that the plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1032 n. 1 (11th Cir. 2008) (quoting *Griffin*, 496 F.3d at 1202). In other words, the plaintiff has been singled out without a rational basis for the difference in treatment. The Eleventh Circuit has emphasized that "[t]o prove a 'class of one' claim, the plaintiff must show (1) that he was treated differently from other similarly situated individuals, and (2) that the defendant unequally applied a facially neutral ordinance for the purpose of discriminating against him." *Leib v. Hillsborough Cnty. Pub. Transp. Com'n,* 558 F.3d 1301, 1307 (11th Cir. 2009) (citation omitted) (holding that the plaintiff's "class of one" claim was properly dismissed where the plaintiff failed to establish the similarly situated requirement).

With respect to the first prong, the Eleventh Circuit has frequently noted that "the 'similarly situated' requirement must be rigorously applied in the context of 'class of one' claims." *Id.* (citing *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1275 (11th Cir. 2008)). In fact, to be similarly situated in a "class of one" claim, a comparator must ultimately be "prima facie identical in all relevant respects." *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006). "The reason that there is a 'similarly situated' requirement in the first place is that at their heart, equal protection claims, even 'class of one' claims, are basically claims of discrimination." *Griffin*, 496 F.3d at 1207 (quoting *McDonald v. Vill. of Winnetka,* 371 F.3d 992, 1009 (7th Cir. 2004)). "To maintain this focus on discrimination, and to avoid constitutionalizing every state regulatory dispute, we are obliged to apply the 'similarly situated' requirement with rigor." *Id.* Thus, "[d]ifferent treatment of dissimilarly situated persons does not violate the equal protection clause." *E & T Realty v. Strickland*, 830 F.2d 1107, 1109 (11th Cir. 1987); *Campbell*, 434 F.3d at 1314. In evaluating the similarly situated requirement, the court looks at the state action "in light of the full variety of factors that an objectively reasonable governmental decisionmaker would have found relevant in making the challenged decision." *Griffin*, 496 F.3d at 1203.

In the instant case, the County has provided the "factors that an objectively reasonable governmental decisionmaker would have found relevant" in its Ordinance. *See id.* The Ordinance allows for an exemption to the School Impact Fee for communities for older persons who are "in compliance with the terms and

provisions of the Federal Fair Housing Act, . . . the Housing for Older Persons Act of 1995, 42 U.S.C. §§3601-3619, and that prohibit any person under the age of 18 years from residing within any dwelling on the property as a permanent resident, as evidenced by a recorded declaration of covenants and restrictions not subject to revocation or amendment for a period of at least 30 years from the date of recording." (Doc. 45, ¶ 18). The criteria is mandatory and applies to every application the County reviews. To show an equal protection violation, Weekley Homes must show that the County treated it differently than other communities—i.e., denied an exemption—that are similarly situated insofar that their applications for an exemption was approved using the same criteria in the Ordinance.

Previous "class of one" decisions from the Supreme Court and the Eleventh Circuit offer some guidance in determining whether Weekley Homes has shown sufficient similarity between it and its comparators to state a "class of one" claim. In *Olech,* the plaintiff landowner asked the Village of Willowbrook to connect her property to the municipal water supply. 528 U.S. at 563. Although the Village required a 15-foot easement from other landowners to connect to the municipal water supply, it demanded a 33-foot easement from the plaintiff. *Id.* The plaintiff sued, arguing that the Village's requirement of a larger easement violated her Equal Protection rights. *Id.* The Supreme Court held that the plaintiff adequately stated a "class of one" equal protection claim. *Id.* at 565. According to the Supreme Court, the plaintiff's allegations that the Village's initial demand to her for an easement with eighteen more feet than the Village required from other landowners was

irrational and wholly arbitrary were sufficient to plead a violation of the Equal Protection Clause. *Id*. The similarity between the plaintiff and her neighbors was obvious because the plaintiff alleged that the Village intentionally demanded a 33–foot easement as a condition of connecting her property to the municipal water supply while it only required a 15–foot easement from other similarly situated property owners. *See id*. at 563. Therefore, the Village departed from a clear standard by demanding a 33-foot easement from the plaintiff when it had only demanded a 15-foot easement from other landowners in exchange for connecting them to the municipal water supply.

In *Campbell*, the plaintiff developers claimed that the city violated the Equal Protection Clause by denying them tentative approval for an apartment project. 434 F.3d at 1315. Plaintiffs claimed that all other developers that went before the city's planning commission had received approval and that the plaintiffs were treated differently by the city because one of the plaintiffs had unsuccessfully run against the city's mayor in a previous mayoral election, and the mayor was now a member of the planning commission that refused to give tentative approval. *Id*. at 1309. The case went to trial, and the jury returned a verdict for the plaintiffs. *Id*. The city appealed, asserting as error the district court's denial of the city's Rule 50 motion for judgment as a matter of law. *Id*. The Eleventh Circuit reversed the district court's decision, in part, because the plaintiffs had not offered any evidence to support an equal protection claim of similarly situated individuals who were treated differently. *Id*. The Eleventh Circuit found that there was a distinction between the plaintiff

developers who sought approval of an apartment complex containing 144 to 180 units and commercial developments such as a credit union and a medical center, and thus the latter were not similarly situated to the plaintiff. *Id.* at 1316. The court reasoned that a credit union and medical center were not similarly situated comparators because the credit union and medical center were commercial projects as opposed to a large residential complex. *Id.* at 1311, 1314-15. The court also rejected that other proposed apartment complexes were similarly situated because one development did not require the same variances as the plaintiff's proposal and another development, unlike the plaintiffs, submitted completed site maps which met the city's density requirements. *Id.* at 1315-16. The court also noted that one of the apartment complexes which the plaintiffs identified as a comparator was not treated differently than the plaintiffs' development because it had also not received tentative approval. *Id.* at 1317. Thus, the Court reasoned, the evidence presented led it to believe that the plaintiffs were treated similarly to another development that had gone before the city's planning commission. *Id.* The Court concluded that because the plaintiffs had not given any evidence of the city's different treatment of a development that was similarly situated to their proposed development, they had not met their evidentiary burden in bringing a successful "class of one" equal protection claim. *Id.*

In another case from the Eleventh Circuit, which was in a similar procedural posture as the instant case, the court emphasized the importance of the plaintiff identifying a similarly situated comparator. In *Griffin,* the plaintiff owned a chicken

rendering plant that was allegedly subject to stricter regulations by city and state officials compared to other plants. 496 F.3d at 1195. The plaintiff claimed state regulators, pressured by city officials, were selectively enforcing regulations based on animosity towards the plant. *Id.* The plaintiff alleged that another competitor in the Georgia chicken rendering business was a similarly situated comparator. *Id.* at 1202. The Eleventh Circuit determined that a "'class of one' plaintiff might fail to state a claim by omitting key factual details in alleging that it is 'similarly situated' to another." *Id*. at 1205. The court noted that ironically, it was not the lack of detail that was the problem with the plaintiff's complaint, but that it had said too much. *Id.* The court found that the complaint contained allegations of the increase volume in citizen complaints regarding the plaintiff's plant and the political pressure resulting from the unhappy citizens, whereas there were no allegations of similar complaints or political pressure regarding the comparator. *Id*. Additionally, the court noted that the comparator had alerted the state's environmental protection division of possible water pollution problems at its plant and was cooperative in seeking to remediate such problems. *Id.* at 1206-07. However, there was no indication in the complaint that the plaintiff had self-reported any problems with its land application system (water quality control). *Id.* at 1207. The court reasoned that it should not come as a surprise that the state regulators, who have limited resources and rely on voluntary cooperation of the companies they regulate, would treat companies that self-report differently. *Id.* The court also found that the plaintiff's complaint noted that self-reporting was important, that its comparator self-reported,

and that the plaintiff did not. *Id.* "This difference is nothing if not relevant, and it is fatal, we think, to [the plaintiff's] claim that the defendants acted unconstitutionally in not treating them alike." *Id.* The Court concluded that because the plaintiff's own complaint showed that it was not similarly situated to its comparator in light of all the factors that would be relevant to an objectively reasonable governmental decisionmaker, the plaintiff failed to state a claim for a "class of one" equal protection violation. *Id.*

In the instant case, the Amended Complaint provides specific details regarding the Encore Declaration and the age-restrictive provisions in the alleged comparators' declarations for this Court to conclude that they are not similarly situated to Weekley Homes. The Amended Complaint itself is 33 pages long, and it is accompanied by 5 different exhibits (Doc. 45). Under the Federal Rules of Civil Procedure, these exhibits are part of the pleading "for all purposes." Fed.R.Civ.P. 10(c); *see also Solis–Ramirez v. U.S. Dep't of Justice,* 758 F.2d 1426, 1430 (11th Cir. 1985) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion."). In the Amended Complaint, Weekley Homes alleges that other builders who have acquired the School Impact Fee exemption have done so by merely having a provision in their declaration that expressly states that the age-restrictive provisions may not be altered for a thirty-year period (Doc. 45 ¶ 54). Weekley Homes alleges that through a public records request, the County provided it with ten declarations from communities that received a School Impact Fee exemption

and all of which contained an irrevocable thirty-year prohibition on the revocation or modification of the age-restrictive provisions (Doc. 45, ¶ 68). Although Weekley Homes does not identify the ten comparators, it provides a copy of four pages from one of those alleged comparator's declaration (Doc. 45, ¶ 68, Ex. E).

Although Weekley Homes' Amended Complaint makes the conclusory allegation that it is similarly situated to the other communities in all relevant ways, the allegations and exhibits attached to the Amended Complaint plainly show that this is not the case. The Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details of the pleading in favor of general or conclusory allegations. *See Associated Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974)[2] (citation omitted) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.").

Weekley Homes argues that it is similarly situated to those builders in that they all qualify for an exemption to the School Impact Fee, but Weekley Homes was treated differently because it does not have an irrevocable thirty-year prohibition on the revocation or modification of the age-restrictive provision, which

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

the comparators have. However, the very fact that the comparators have the language required under the Ordinance and as a result, the County approved their exemption, makes them not similarly situated to Weekley Homes. Weekley Homes has not identified any comparators that did not have an irrevocable thirty-year prohibition on the revocation or modification of the age-restriction provision and was approved for an exemption by the County. In fact, Weekley Homes asserts that the County "provided no declarations, and did not recall that any existed, that did not contain the 30-year non-revocation provision, but that the County deemed to qualify for an exemption to its School Impact Fee." (Doc. 45, ¶ 69). This goes to show that a community similarly situated to Weekley Homes, that is one without an irrevocable thirty-year prohibition on the modification or revocation of the age restriction, would have been treated similarly to Weekley Homes in that it would not have received an exemption from the County's School Impact Fee.

Nonetheless, Weekley Homes argues that "where the challenged governmental decision is simple or one-dimensional – for example, where the decision involves the application of a single criterion to a single issue – making out a 'class of one claim' is generally easier than in cases where governmental action is 'multi-dimensional, involving varied decisionmaking criteria applied in a series of discretionary decisions made over an extended period of time.'" *Kaleta v. City of Anna Maria*, 8:16-CV-347-T-27AAS, 2017 WL 4417673, at *2 (M.D. Fla. Oct. 3, 2017) (quoting *Leib*, 558 F.3d at 1307). However, although the Ordinance provides a simple criterion for applicants to receive a School Impact Fee exemption, it does

not necessarily mean that Weekley Homes has stated a "class of one" claim. Rather, the fact that the Ordinance provides a criterion to qualify for an exemption, a criterion that Weekley Homes concedes it does not expressly meet, and the County has equally applied the Ordinance to its applicants demonstrates that the other builders are not similarly situated to Weekley Homes. This can be analogized to a hypothetical stemming from *Olech*. If the Village had demanded a 30-foot easement from all the landowners in order to connect the property to the municipal water supply and the plaintiff refused to provide the 30-foot easement and instead offered a 25-foot easement and as a result the Village denied the plaintiff's request, it seems highly unlikely that the Supreme Court would have found there to be a "class of one" claim. Although the plaintiff would have been right to allege that she was treated differently, it would also be right that the Village treated everyone equally by demanding the same criteria from all the applicants. And if the plaintiff could not identify any other comparator who also refused to provide the Village with a 30-foot easement and was still connected to the municipal water supply, the plaintiff would not have stated a "class of one" claim.

Considering the full variety of factors that an objectively reasonable governmental decisionmaker would have found relevant, the fact that Encore Declaration does not contain an irrevocable thirty-year prohibition on the revocation or modification of the age-restrictive provision makes Weekley Homes dissimilar to its comparators. Equal protection of the laws in the "class of one" context requires no more than for Weekley Homes to be "secure[d] . . . against

intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Olech,* 528 U.S. at 564 (quotation marks and citation omitted). Weekley Homes has failed to assert any such "discrimination" because its own complaint shows that it was not similarly situated to its purported comparators. As a result, Weekley Homes failed to allege enough plausible facts on the face of the Amended Complaint to show that it was treated differently from other similarly situated.

### C.     Counts II – III: Supplemental Jurisdiction

In addition to the aforementioned equal protection claim, Weekley Homes raises two claims seeking a declaratory judgment that the County's School Impact Fee Ordinance is unconstitutional. Defendants argue that the Court does not have jurisdiction over Counts II and III of the Amended Complaint and Plaintiff does not specifically address this issue.[3] Generally, as a result of its original jurisdiction over a federal claim, the Court may exercise supplemental jurisdiction over Weekley Homes' state law claims pursuant to 28 U.S.C. § 1367(a). *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims"). Section 1367(a) provides that a "district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within . .

---

[3] While Defendants argue that this Court does not have jurisdiction over Counts II and II, the Court may exercise its discretion and retain supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

. [the court's] original jurisdiction that they form part of the same case or controversy." However, pursuant to 28 U.S.C. § 1367(c), the court may decline to exercise supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim which the district court has original jurisdiction, (3) the court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. *Baggett v. First Nat'l Bank,* 117 F.3d 1342, 1353 (11th Cir. 1997) (citations omitted). "[D]ismissal of state law claims [is] strongly encouraged when federal law claims are dismissed prior to trial." *Id.* (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well")). In fact, "State courts, not federal courts, should be the final arbiters of state law." *Baggett*, 117 F.3d at 1353.

No Florida court has addressed the issues that Weekley Homes' constitutionality claims will inevitably raise—namely, the application of the Florida Supreme Court's decision in *Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126 (Fla. 2000) and the constitutionality of the Ordinance. Should supplemental jurisdiction be exercised, this Court would eventually need to determine the validity of the Ordinance and its provisions under Florida law. Thus,

this is a novel issue of state law. Because Weekley Homes' case raises a novel issue of state law and the Court has dismissed all claims over which it has original jurisdiction, the Court must consider whether judicial economy, convenience, fairness, and comity counsel dismissal of the remaining state claims. *See Baggett*, 117 F.3d at 1353.

First, judicial economy weighs against exercising supplemental jurisdiction. Judicial economy typically is "served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). This Court recognizes that the state court may be better situated to resolve the remaining claims raised by Weekley Homes in its Amended Complaint. Additionally, while the case has been stayed, the parties have not thoroughly briefed the constitutionality claims and this Court has not made any findings regarding the same, so no duplicative court orders would result from remanding the state claims. As such, this Court has not expended unnecessary resources that will need to be repeated in state court.

Second, convenience to the parties does not favor retaining or declining jurisdiction. Weekley Homes initially filed the case in state court and remand would merely place Plaintiff where it left off.

Third, fairness considerations do not favor retaining jurisdiction here. Because this case has not progressed past Defendants' motions to dismiss, it is still in the early stages of litigation. The Court does not see how it would be unfair to

remand the case as the parties would have sufficient time to conduct discovery and proceed.

And fourth, comity cuts against exercising supplemental jurisdiction. "It is a bedrock principle that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Ameritox, Ltd. v. Millennium Laboratories, Inc.*, 803 F.3d 518, 540 (11th Cir. 2015) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Comity is well-served by allowing Florida—not federal—courts resolve matters regarding Florida law and Florida Supreme Court precedent.

Considering these factors, this Court concludes that the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so. Where the court declines to exercise supplemental jurisdiction over such claims and the case was originally filed in state court, the remaining claims should be remanded to state court. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.,* 402 F.3d 1092, 1123 (11th Cir. 2005) ( "Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim should be remanded to state court."); *Lewis v. City of St. Petersburg,* 260 F.3d 1260, 1267 (11th Cir. 2001) (holding that after all federal claims have been dismissed, "[i]f the district court does decline to exercise supplemental jurisdiction, these [state] claims shall be remanded to state court,

rather than dismissed, because this case was originally filed in state court and removed to federal court").

Accordingly, this Court declines to exercise jurisdiction over Weekley Homes' state law claims (Counts II & III), which shall be remanded back to the state court.

### D.    Attorney's Fees Under 42 U.S.C. § 1988

In Count I of the Amended Complaint, Weekley asserts a claim for attorney's fees and costs pursuant to 42 U.S.C. § 1988 for the prosecution of its 42 U.S.C. § 1983 claim against Defendants (Doc. 45, ¶ 73). Section 1988 provides in pertinent part that "[i]n any action or proceeding to enforce a provision of [S]ection[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." 42 U.S.C. § 1988(b). Defendants argue that attorney's fees may be awarded to a prevailing defendant where "the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." (Doc. 49, 18-19) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429, n. 2 (1983)). Thus, Defendants argue, they are entitled to fees because Weekley Homes has failed to identify a similarly situated comparator and thus failed to establish a prima facie "class of one" Equal Protection action even after its opportunity to amend the original compliant.

Under 42 U.S.C. § 1988, the district court may award attorney's fees to a prevailing defendant in Section 1983 actions only where "'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Hughes v. Rowe,* 449 U.S. 5, 14 (1980) (quoting *Christiansburg*

*Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421 (1978)). The Supreme Court has described this standard as a "stringent" one. *Id.* The standard is so stringent that "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation" for an award of fees to be justified. *Id.* "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Id.* In the Eleventh Circuit, a "plaintiff's [S]ection 1983 claim should not be considered groundless or without foundation, when the claim is meritorious enough to receive careful attention and review." *Busby v. City of Orlando,* 931 F.2d 764, 787 (11th Cir. 1991) (citation omitted); *Walker v. Nationsbank of Fla. N.A.,* 53 F.3d 1548, 1559 (11th Cir. 1995).

Weekley Homes' claims are not groundless or entirely without foundation. Although this Court finds that Weekley Homes has failed to state a claim upon which relief can be granted, it does not rise to the required level of frivolity. Weekley Homes has raised a novel argument regarding developing areas of the law. As a result and taking into consideration the "stringent" standard required to grant attorney's fees in this Circuit, this Court denies Defendants' request for attorney's fees.

## IV.   Conclusion

Accordingly, it is hereby

ORDERED:

1.     Defendants' Motion to Dismiss (Doc. 49) is GRANTED in part and DENIED in part as follows:

       a.     The Motion is GRANTED as to Count I of the Amended Complaint, which is DISMISSED WITH PREJUDICE.

       b.     The Motion is DENIED as to Counts II and III of the Amended Complaint.

       c.     The Motion is DENIED as to Defendants' prayer for attorneys' fees.

2.     The Clerk is DIRECTED to REMAND the remaining counts in the Amended Complaint to the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida and to transmit a certified copy of this Order to the clerk of that court.

3.     Thereafter, the Clerk is DIRECTED to close this case.

DONE AND ORDERED in Tampa, Florida, on this 8th day of June, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

26